UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MDR CONSTRUCTION CO., INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VETERANS CONSTRUCTION, LLC, and ) <br> ) <br> GREAT MIDWEST INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendants. ) | **COMPLAINT** |

## INTRODUCTION

This is an action for payment for work completed on a federal project pursuant to a payment bond under the Miller Act (40 U.S.C. §§ 3131, *et seq.*), and includes claims for breach of contract, *quantum meruit*, fraud, and violation of M.G.L. 93A. Plaintiff MDR Construction Co., Inc. ("MDR") served as the primary subcontractor for a project to upgrade the Bedford Plains Veterans Affairs Project campus in Bedford, Massachusetts (the "Project"). Defendant Veterans Construction, LLC ("Veterans"), despite contracting to serve as the general contractor, instead acted as a broker, failing to carry out its duties and instead relying on MDR to perform on its own. MDR undertook almost all of the actual Project work and timely completed its work. MDR complied in all material respects with its contractual obligations.

Veterans was timely paid with no retainage withheld and represented to the Veterans Administration that MDR properly completed all of its contract, but Veterans has failed and refused to pay MDR substantial amounts due. Moreover, despite being confronted with this irrefutable evidence, the surety, Great Midwest Insurance Company ("Great Midwest"), has breached its duty to make payment under the payment bond it provided.

Accordingly, MDR brings this action to recover all amounts due.

## PARTIES

1. Plaintiff MDR Construction Co., Inc. ("MDR") is a Massachusetts corporation with a principal place of business at 1693 Shawsheen Street, Tewksbury, Massachusetts 01876.

2. Defendant Veterans Construction, LLC ("Veterans") is a Massachusetts limited liability company with a principal place of business at 2 Granite Avenue, suite 280, Milton, MA 02186.

3. Defendant Great Midwest Insurance Company ("Great Midwest") is a surety approved to do business in Massachusetts by the Commonwealth's Division of Insurance, with a principal place of business at 800 Gessner, suite 600, Houston, Texas, 77024. On information and belief, Great Midwest is a subsidiary of Skyward Specialty Insurance Group Inc. (d/b/a Skyward Service Company), which has Corporation Service Company as its registered agent for service in Massachusetts, located at 84 State Street, Boston, Massachusetts 02109.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action under the Miller Act (40 U.S.C.A. §§ 3131, *et seq.*) because it seeks payment pursuant to a performance bond concerning a federal construction project.

5. The Court has pendant and supplemental jurisdiction over claims brought under Massachusetts law pursuant to 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S. Code § 1391(b) and (c), and 40 U.S.C. § 3133 (b)(3) (B), as the contract at issue was performed in Massachusetts.

## STATEMENT OF FACTS

7. On March 29, 2019, MDR and Veterans entered into a subcontract agreement (the "Subcontract") concerning the Project which consisted of renovations at the Bedford Plains Veterans Affairs campus in Bedford, Massachusetts.

8. Veterans served as the Project General Contractor.

9. Great Midwest provided a payment bond to Veterans, guaranteeing Veterans's payment obligations to, among others, MDR.

10. MDR subcontracted to perform certain plumbing, heating, and related work as set forth in the Veterans-MDR subcontract.

11. MDR properly performed its subcontracted work.

12. Veterans repeatedly represented to the Veterans Administration that it was due payment based on MDR properly performing its work.

13. The Veterans Administration paid Veterans based on these representations, but Veterans did not timely or fully pay MDR.

14. Indeed, despite being fully paid by the Veterans Administration based on reporting that all work was properly completed, Veterans still has not fully paid MDR.

15. MDR repeatedly has made demands for payment to Veterans.

16. Veterans fabricated reasons for non-payment.

17. MDR repeatedly has made demand upon the surety Great Midwest, but Great Midwest has failed to properly investigate MDR's claims and instead has relied upon Veterans's fabrications as the basis for its refusal to pay MDR.

18. Indeed, as an example of its bad faith, via Veterans's letter dated January 26, 2022, Veterans and Great Midwest, realizing that their excuses for refusing to make payment to MDR were wearing thin, attempted to manufacture a new reason for failing to pay MDR in excess of $100,000 due.

19. In the letter, Veterans claims (for the first time) that MDR was obligated to pay $1,440 for alleged damages that Veterans claims were caused by MDR in May 2020 but

provided no proof it had incurred those damages or any explanation for how those alleged $1,440 damages created a basis to withhold well over $100,000 due to MDR.

20. Great Midwest also claims this alleged minor property damage as a basis to withhold all payment due.

## COUNT I
### (Breach of Contract Against Veterans)

21. MDR repeats and incorporates by reference all of the preceding paragraphs as if fully set forth herein.

22. MDR and Veterans entered into the Subcontract on or about March 29, 2019.

23. Under the subcontract, Veterans must pay MDR for work completed within 7 days of Veterans being paid by the Veterans Administration.

24. Veterans breached the subcontract by failing to timely pay MDR.

25. Veterans breached the subcontract by failing to fully pay MDR.

26. Veterans breached the implied covenant of good faith and fair dealing inherent in every contract by fabricating reasons not to pay MDR.

27. Veterans's breaches have damaged MDR and Veterans's breaches were the direct and proximate cause of MDR's damages.

Wherefore, MDR requests that the Court order the defendant to pay all damages caused to MDR, plus it's attorney fees, costs and interest, and order any other relief to which MDR is entitled.

## COUNT II
### (Quantum Meruit Against Veterans)

28. MDR repeats and incorporates by reference all of the preceding paragraphs as if fully set forth herein.

29. MDR furnished valuable labor, equipment, material and services to Veterans, which Veterans accepted with the knowledge that MDR expected payment.

30. The fair market value of that work was over $100,000.

31. MDR has a reasonable expectation of being compensated for the goods and services provided.

32. Despite repeated demands, MDR has not been paid by Veterans for work completed.

33. Veterans was unjustly enriched by its failure to pay MDR or take adequate precautions to ensure that Delta was paid for providing labor and materials to the Project.

Wherefore, MDR requests that the Court order the defendant to pay the reasonable value of the work, plus costs and interest, and order any other relief to which MDR is entitled.

## COUNT III
### (Fraud Against Veterans)

34. MDR repeats and incorporates by reference all of the preceding paragraphs as if fully set forth herein.

35. While not timely or fully paying MDR, Veterans intentionally misrepresented its own payment status with the Veterans Administration to MDR; namely it misrepresented that Veterans had not been fully paid as a basis for explaining nonpayment to MDR and to induce MDR to continue working.

36. Further, Veterans intentionally misrepresented to MDR that it would fully pay MDR as a basis to induce MDR to continue working.

37. Veterans knew these representations to be false when they were made.

38. MDR reasonably relied on these misrepresentations to continue working.

39. Veterans has failed and refused to pay MDR despite its representations.

40. MDR has been damaged by Veterans's fraudulent representations.

## COUNT IV
### (Violation of M.G.L. c. 93A, § 11 against Veterans)

41. MDR repeats and incorporates by reference all of the preceding paragraphs as if fully set forth herein.

42. Veterans committed unfair and/or deceptive acts by, among other actions, its fraud.

43. Veterans committed unfair and deceptive acts by fabricating bases for not paying MDR. These fabrications include without limitation, falsely claiming property damages of approximately $1,440 as the basis not to pay over $100,000 due to MDR, falsely claiming MDR did not complete work which it represented to the Veterans Administration was properly completed, and for withholding retainage from MDR that was not withheld from Veterans.

44. Veterans committed unfair and/or deceptive acts by, among other actions, intentionally misrepresenting the facts about the Project to its surety as a basis for it not to pay MDR.

45. These unfair and deceptive acts were committed knowingly and intentionally.

46. MDR suffered damages because of MDR's unfair and deceptive acts.

Wherefore, MDR requests that the Court order the defendant to pay all damages caused to MDR, plus it's attorney fees, costs and interest, and order any other relief to which MDR is entitled, including multiple damages as the Court deems appropriate.

## COUNT V
### (U.S.C. §§ 3131, 40 *et seq.* Miller Act Payment Bond Claim Against Great Midwest and Veterans)

47. MDR repeats and incorporates by reference all of the preceding paragraphs as if fully set forth herein.

48. MDR properly performed its work on the Project.

49. Veterans has failed to pay MDR amounts due under the Veterans-MDR Subcontract.

50. Under the Miller Act, the payment bond is enforceable against Veterans and its surety, Great Midwest, jointly and severally, in the amount due to MDR.

51. Great Midwest has, without excuse or justification, failed and refused to pay MDR, despite its obligations to MDR under its payment bond.

52. Ninety (90) days have elapsed since MDR last furnished labor, equipment, and services on the Project.

53. This Complaint is filed within one (1) year after MDR last furnished labor, equipment, and services on the Project.

54. MDR has been damaged by Great Midwest's failure and refusal to perform its obligations to MDR under its payment bond by the amount due to MDR under the Veterans-MDR Subcontract.

Wherefore, MDR requests that the Court order the defendant to pay all damages caused to MDR, plus it's attorney fees, costs and interest, and order any other relief to which MDR is entitled.

## **JURY DEMAND**

MDR demands a jury trial on all issues so triable in this matter.

MDR CONSTRUCTION CO., INC.,

By its attorneys,

_____
Michael P. Sams (BBO# 567812)
Tristan J. Foley (BBO# 688442)
KENNEY & SAMS, P.C.
Reservoir Nine
144 Turnpike Road, Suite 350
Southborough, MA 01772
T:  (508) 490-8500
F:  (508) 490-8501
mpsams@KSlegal.com
tjfoley@KSlegal.com